**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SYCAMORE INDUSTRIAL PARK ASSOCIATES,** an Illinois general partnership, | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | No. 06 C 0768 ) ) HONORABLE DAVID H. COAR |
| **ERICSSON, INC.,** a Delaware corporation, | ) ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Sycamore Industrial Park Associates ("SIPA") sued Ericsson, Inc. ("Ericsson") pursuant to the Resource Conservation and Recovery Act (the "RCRA"), codified at 42 U.S.C. §6901 *et seq*. (2006) and the Comprehensive Environmental Response, Compensation and Liability Act (the "CERCLA"), codified at 42 U.S.C. §9601 *et seq*., 26 U.S.C. §§4611- 4612, 4661- 4662 (2006) to compel Ericsson to remove the asbestos; to pay SIPA recovery costs that SIPA incurred or will incur in removing the asbestos; to pay a civil fine for each day Ericsson violated and continues to violate RCRA and the Illinois Environmental Protection Act; and other such remedies. SIPA also brought Illinois common law claims of nuisance and negligence against Ericsson and seeks damages, recovery restitution and an injunction to remove and abate the nuisance of asbestos. Defendant makes its motion pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated in the opinion below, Defendant's motion is **GRANTED** in part.

-1-

I.  **BACKGROUND**[1]

Ericsson sold SIPA an industrial park (the "Site") complete with finished buildings on 28 acres of land in 1985.  At some point prior to selling the property, Ericsson stopped using a heating system that was built into the very structure of the buildings and began using a new heating system.  Ericsson never removed the old heating system.  The old heating system was made of pipes, boilers and other equipment containing asbestos.  The new system does not contain asbestos.

SIPA now alleges that by not removing the old heating system, Ericsson abandoned it under the terms of CERCLA and RCRA.  SIPA also alleges that the old heating system is a common law nuisance and that leaving the system was an act of negligence that continues to harm SIPA.

II.  **STANDARD OF REVIEW**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court accepts all well-pleaded allegations in the plaintiff's complaint as true. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).  The court must draw all reasonable inferences in favor of the plaintiff.  *Id*.  The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted).  A complaint should not be dismissed "unless it appears beyond all doubt that the Plaintiff can prove no set of facts in

---

[1] The following facts are taken from SIPA's Complaint and are assumed to be true for purposes of this motion.

support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**III.    ANALYSIS**

Ericsson brings a 12(b)(6) motion to dismiss SIPA's Complaint because in its view, SIPA's claims present no facts upon which relief can be granted. To establish a prima facie claim under the RCRA, a plaintiff must allege (1) that the defendant has generated solid or hazardous waste, (2) that the defendant is contributing to or has contributed to the handling of this waste, and (3) that this waste may present an imminent and substantial danger to health or the environment. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 972 (7th Cir. 2002) (citations omitted). SIPA has alleged all three elements of its RCRA claim in Count I of its Complaint. To establish a defendant's liability under CERCLA, a four-part test must be met: (1) the site in question is a "facility" as defined by CERCLA; (2) the Defendant is a "responsible person" as defined by CERCLA; (3) there was a release or threatened release of hazardous substances; and (4) such release caused the Plaintiff to incur response costs. *Envtl Transp. Sys., Inc. v. ENSCO, Inc.*, 969 F.2d 503, 506 (7th Cir. 1992) (citations omitted); *3550 Stevens Creek Assocs. v. Barclays Bank*, 915 F.2d 1355, 1358 (9th Cir.1990). SIPA has alleged all four elements of its CERCLA claim in Count II of its Complaint. Nevertheless, Ericsson asserts that these claims are legally deficient given relevant precedent.

**CERCLA Claim**

In *G. J. Leasing Co. v. Union Electric Company*, a purchaser of a decommissioned power plant that contained asbestos in its structure sued a former owner under CERCLA. 54 F.3d 379 (7th Cir. 1995). The Court held that "the sale of a product which contains a hazardous substance

cannot be equated to the disposal of the substance itself or even the making of arrangements for its subsequent disposal…" *Id*. at 384.  But SIPA does not allege that Ericsson disposed of the asbestos by selling or arranging the sale of the Site.  Rather SIPA alleges that Ericsson unlawfully disposed of asbestos when it "affirmatively abandoned, took out of service and discarded an obsolete heating system that contained asbestos throughout" the Site.   The question of whether discontinuing use of a product and leaving it in place prior to sale is "abandonment" is a novel question of law of which this Court has not uncovered any directly relevant precedent.

In *3550 Stevens Creek Associates*, the Ninth Circuit declined to recognize a private cause of action under Section 107(a) of CERCLA for the voluntary removal of asbestos from a commercial building.  915 F.2d at 1365.  After conducting a teleological exegesis of the relevant sections and subsections of CERCLA and the Solid Waste Disposal Act, as amended by the RCRA, from which the definitions of certain terms used by CERCLA and RCRA are taken, the Court held that the installation of asbestos containing materials into a building did not amount to disposal of waste materials such as to maintain a CERCLA private cause of action.  *Id*.  The Court stated that "[o]n its face "disposal" pertains to 'solid waste of hazardous waste,' not to building materials which are neither."  915 F.2d at 1361.  The Court also found that CERCLA's legislative history was devoid of evidence of a congressional intent to permit private causes of action for the recovery of response costs for the removal of asbestos from buildings.  *Id*. at 1365.

SIPA attempts to distinguish *3550 Stevens Creek Associates* on the basis that the asbestos there was in operation as a useful product in the structure.  Here, the asbestos in question belongs to a heating system that is no longer in use.  Indeed, Ericsson stopped using the old system and put into operation a new heating system.  By leaving the inoperable old asbestos-laden system in

th exact same place where it had been originally installed, SIPA argues that Ericsson disposed of it because it is "solid waste," i.e. "discarded material" under the statutory scheme. Even assuming *arguendo* that the old asbestos-laden system is "solid waste" under 49 U.S.C. §6903(27), as SIPA contends, abandoning a heating system within a structure would still probably not satisfy the definition of "disposal" under 49 U.S.C. §6903(27) because leaving a structure in place within a building (or several buildings) is not an action that comes within the scope of the term "placing of [the abandoned contaminant] into or on any land or water so that [the abandoned contaminant] or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." *See 3550 Stevens Creek Assocs.*, 915 F.2d at 1361. That Court explicitly held that building materials installed into the structure was not "placing into or on any land and water." *Id*. at 1362. If the action of building materials into the structure is not "placing into or on any land and water," then abandoning materials within a structure, that is leaving the materials in place within the building, cannot be "placing into or on any land and water" either.

Finding that abandoning the asbestos-containing boiler system in the place where it was originally constructed does not fall within the statutory meaning of "disposal" does not deprive the word "placing" of its "passive element by imposing a requirement of active participation as a prerequisite to liability." *Nurad, Inc. v. William E. Hooper & Sons Co.*, 966 F.2d 837, 844 (4th Cir. 1992). In *Nurad, Inc.*, the district court found that "disposal" of materials was limited to actions brought about by "affirmative human conduct." *Id*. at 845. The Court of Appeals disagreed and reversed the district court because its finding had "ignore[d] the language of the

statute, contradict[ed] clear circuit precedent, and frustrate[ed] the fundamental purposes of CERCLA." 966 F.2d at 844.

This Court's decision does not ignore the language of the statute, contradict Seventh Circuit precedent or frustrate the fundamental purposes of CERCLA. Title 49 U.S.C. §6903(3) provides that "'disposal' means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." It defines "release" as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant)...." 42 U.S.C. §9601(22). The statute further defines "environment" as "(A) the navigable waters, the waters of the contiguous zone, and the ocean waters of which the natural resources are under the exclusive management authority of the United States under the Fishery Conservation and Management Act of 1976, and (B) any other surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air within the United States or under the jurisdiction of the United States." 42 U.S.C. §9601(8).

The Seventh Circuit stated in *G. J. Leasing Co. v. Union Electric Company* that although "asbestos is a hazardous substance within the meaning of CERCLA,... asbestos is harmless as long as the asbestos fibers are not allowed to leak out of the walls or other building components in which the insulation was placed." 54 F.3d 385. The Court also instructed that "the release of asbestos inside a building, with no leak outside... is not governed by CERCLA." *Id*. (citations

omitted.). Although SIPA's Complaint is skillfully drafted to include the legally operational words "release" and "threatened release," it is readily apparent from the facts alleged in the Complaint that SIPA is not alleging that asbestos is being released into the environment because asbestos "released" within a building is not the same as being "released" into the environment. *See Covalt v. Carey Canada Inc.*, 860 F.2d 1434, 1436-37 (7th Cir. 1988) ("It is lexically possible to treat the 'environment' as everything pertaining to the planet Earth, so that the instant a container of asbestos is opened it is released 'into [the local portion of] the environment'. Such a global treatment erases "released into the environment" as a limitation, however, by ensuring that it is always satisfied. No substance, except perhaps an injected drug, harms anyone unless it was at least for an instant in an 'environment'. A reading of this sort trivializes statutory language.).

Furthermore, there is no allegation here that Ericsson removed or detached the asbestos building materials from the structure.[2] This Court would not be at all reticent to let the instant action proceed if the allegations dealt with Ericsson dismantling the boiler system and then leaving it on the Site. But based on the current factual allegations of the Complaint, Ericsson's actions do not come within the scope of "disposal" and "release." In *3550 Stevens Creek Associates*, the Court explained that building materials installed within a structure did not constitute "disposal" of those materials under CERCLA. 915 F.2d at 1361.

---

[2] The Court is not dealing with such a problem. *See* Plaintiff's Response to Defendant's Amended Motion to Dismiss, p. 9. ("Clearly, Defendant 'placed' the asbestos in the same location Defendant found it after Defendant took it out of service -- and then left an uncontrolled, unmanaged hazardous substance as waste at the property.")

Ultimately, determining whether a "disposal" occurred requires this Court to return to the meaning of "solid waste." According to 49 U.S.C. §6903(27), "solid waste" is "any garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and other discarded material...." The Site is not alleged to be a waste treatment plant, water supply treatment plant, or air pollution control facility so the ultimate question is whether Ericsson "discarded" or abandoned the materials. This Court finds as a matter of law, under the facts presented in the Complaint, Ericsson neither discarded or abandoned the asbestos materials. The materials here were built into the structure as pipes, boilers, and other equipment. The only way that Ericsson could have discarded or abandoned the materials is if it discarded or abandoned the entire structure itself. Ericsson did neither; it installed a new system and continued using the Site. At least, that is what SIPA alleged in its Complaint.[3]

SIPA contends that this case is "strikingly similar" to the hypothetical situation proposed in *G. J. Leasing Co. v. Union Electric Company* as an example of a case where an owner of a structure with hazardous building materials could be liable under CERCLA for "disposing" of the materials by selling the structure. 54 F.3d 385. A necessary predicate to that hypothetical case is that the seller "wants to get rid of the wastes without liability under CERCLA and to this end sells the facility...." *Id*. Here, there is no indication that Ericsson would otherwise be liable for the asbestos under CERCLA. *G. J. Leasing Co.* makes clear then, that where the so-called "waste" consists of materials built into a structure (i.e. fixtures under Article 9 of the UCC), the intent of the seller is much more relevant to determining whether the seller "disposed" of the

---

[3] Obviously Ericsson could not be found to have abandoned or discarded the Site if it sold the Site to SIPA.

material than the stated use of the materials. SIPA alleges that Ericsson was bound by law to dispose of the asbestos in a landfill but it cites no such law. (Complaint, ¶ 9.) There is no such law. SIPA does allege that the presence of the asbestos constituted a violation of RCRA and the corresponding Illinois regulations (Complaint, ¶ 17), but as it shall be seen below, Ericsson has not violated RCRA.[4] Furthermore, SIPA's Complaint is devoid of any allegations into Ericsson's intent to sell the Site.

This Court finds that under the current definitions utilized by CERCLA, SIPA has failed to state a claim upon which relief can be granted.

## RCRA Claim

Ericsson contends that SIPA's RCRA claim should also be dismissed for failure to state a claim upon which relief can be granted. It argues that since the definition of "disposal" is the same under CERCLA and RCRA, CERCLA case precedent compels the logical conclusion that Ericsson's conduct as alleged in the complaint does not fall under the reach of RCRA. SIPA responds that the scope of conduct that falls under the purview of RCRA is broader than mere "disposal."

To establish a *prima facie* imminent hazard citizen suit claim under RCRA, a plaintiff must allege (1) that the defendant has generated solid or hazardous waste, (2) that the defendant is contributing to or has contributed to the handling, storage, disposal, treatment or transportation of this waste, and (3) that this waste may present an imminent and substantial danger to health or the environment. 42 U.S.C. §6972(a)(1)(B); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*,

---

[4] After reviewing 35 Illinois Compiled Statutes 721.102 (2006) (definition of solid waste for Illinois code and regulations), SIPA would likely not be able to establish that the asbestos building materials were solid waste under Illinois law either.

310 F.3d 969, 972 (7th Cir. 2002) (citations omitted). The RCRA amended certain provisions of the Solid Waste Disposal Act. *See* 42 U.S.C. §6901 *et seq*.

As an initial matter, the parties disagree as to the characterization of asbestos building materials left in place as "solid waste." SIPA urges this Court to apply a broad statutory definition of the term "solid waste" as discussed in *Connecticut Coastal Fishermen's Association v. Remington Arms Company*. 989 F.2d 1305 (2d Cir. 1993). As discussed before, the RCRA defines "solid waste "as meaning "any garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and other discarded material...." 42 U.S.C. §6903(27). This Court found above that "discarded material" could not include fixed materials that were a part of the building itself, unless the building was discarded. This Court has not found any reason to deviate from that finding under the RCRA.

In *Remington Arms Company*, after reviewing the legislative history of the RCRA, the Second Circuit held that the statute was designed to "regulate discarded material and hazardous wastes" and to also deal with products that had "served their intended purposes and are no longer wanted by the consumer." 989 F.2d 1305, 1314. This Court does not disagree with that Court's holding. If that were the end of the story, then perhaps the asbestos left in place in this case could be deemed "discard material" given that SIPA has alleged that it had served its intended purpose of providing heat and Ericsson no long desired it to serve that purpose, as evidenced by the use a new heating system. However, it is evident from a close reading of the *Remington Arms Company* decision and the cited corresponding legislative history that when Congress was explaining that "solid waste" included products that no longer served their intended purposes and were no longer wanted by the customer, it was referring to factors of production in this nation's

industries' various manufacturing processes, not building materials in an otherwise useful building. H.R. No. 94-1491, pt. 1, at (1976), *as reprinted in* 1976 U.S.C.C.A.N. 6238, 6240 ("It is not only the waste by-products of the nation's manufacturing processes with which the committee is concerned; but also the products themselves once they have served their intended purposes and are no longer wanted by the consumer").

Nor do the asbestos building materials at issue here satisfy RCRA's definition of "hazardous material." Discard materials must first be "solid materials" in order to be included within the subset of "hazardous materials." Section 6703(5). This Court finds that the term "solid waste" under RCRA does not include the discontinued use of building materials left in place within a building a structure unless it is alleged that the building itself is discarded.[5]

### Supplemental Claims of Nuisance and Negligence

Having dismissed SIPA's federal law claims for failure to allege claims upon which relief can be granted, this Court declines to exercise supplemental jurisdiction over the state law claims of nuisance and negligence. Those claims are hereby dismissed without this Court expressing any judgment as to the merits of either claim.

**IV.     CONCLUSION**

For the foregoing reasons, Ericsson's Rule 12(b)(6) Motion to Dismiss is **GRANTED** in part. This Court declines to exercise supplemental jurisdiction over SIPA's state law claims and dismisses them without expressing any opinion as to their merit.

---

[5] The allegations that Ericsson has violated RCRA as well as Illinois environmental regulations and standards promulgated pursuant thereto do not save this claim from dismissal becuase despite the interplay of the RCRA with state regulations, it is still federal law and each and every element of the federal private citizen suit claim must be satisfied.

-11-

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **March 30, 2007**