**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SYCAMORE INDUSTRIAL PARK ASSOCIATES**, an Illinois general partnership, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 06 C 0768 HONORABLE DAVID H. COAR |
| **ERICSSON, INC.,** a Delaware corporation, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Sycamore Industrial Park Associates ("SIPA") sued Ericsson, Inc. ("Ericsson") pursuant to the Resource Conservation and Recovery Act and the Comprehensive Environmental Response, Compensation and Liability Act to compel Ericsson to remove asbestos; to pay SIPA recovery costs that SIPA incurred or will incur in removing the asbestos; to pay a civil fine for each day Ericsson violated and continues to violate RCRA and the Illinois Environmental Protection Act; and other such remedies. SIPA also brought Illinois common law claims of nuisance and negligence against Ericsson and seeks damages, recovery restitution and an injunction to remove and abate the nuisance of asbestos. Ericsson made its motion pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court granted the motion in part. Now before the Court is SIPA's Motion for Reconsideration. For the reasons stated below, SIPA's Motion for Reconsideration is **GRANTED** in part.

**BACKGROUND**

Ericsson sold SIPA an industrial park (the "Site") complete with finished buildings on 28 acres of land in 1985. At some point prior to selling the property, Ericsson stopped using a heating system that was built into the very structure of the buildings and began using a new heating system. Ericsson never removed the old heating system. The old heating system was made of pipes, boilers and other equipment containing asbestos. The new system does not contain asbestos. Previously this Court read the Complaint as alleging that the heating system itself was made of asbestos materials. SIPA contends that this Court manifestly erred by assuming facts that were not pleaded in the Complaint and by not drawing all reasonable inferences in its favor, as is the proper standard of review under Rule 12(b)(6).

## STANDARD OF REVIEW

A motion for reconsideration does not exist as such under the Federal Rules of Civil Procedure. Rather, Plaintiffs have filed a motion to alter or amend a judgment. Fed.R.Civ.P. 59(e). A court may grant a motion to amend a judgment in three circumstances: 1) there is newly discovered evidence; 2) there has been an intervening change in the law; or 3) the judgment reflects a manifest error in the law or fact. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998); *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent" on the part of the court. *Oto*, 224 F.3d at 606 (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Such situations rarely occur, however, and the motion to reconsider should likewise be rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

## DISCUSSION

This Court read SIPA's Complaint as alleging that the asbestos in question was part of a heating system that Ericsson ceased to use and left in place in a structure made up of several buildings. This Court assumed that the materials were built into the structures. In fact, SIPA actually alleged that the "asbestos insulation" was "found in and around various pipes, boilers and equipment located within the several buildings..." Complaint, ¶7. This Court erred when it inferred that the asbestos "was built into the very structure of the buildings." By inferring as it did, the Court did not afford SIPA all reasonable inferences as instructed by Rule 12(b)(6) and settled case law. The Court went on to analyze SIPA's claim under CERCLA and the RCRA under the improper inference that the asbestos was indeed alleged to be a fixed part of the structures. That inference led the Court to conclude that neither a "disposal" under CERCLA occurred, nor could the abandonment of the asbestos-in-question constitute "solid waste" under the RCRA. Thus, the Court found that SIPA's claims failed to state claims under CERCLA and the RCRA as a matter of law. To do so under the facts as they were alleged constituted manifest error.

To establish a defendant's liability under CERCLA, a four-part test must be met: (1) the site in question is a "facility" as defined by CERCLA; (2) the Defendant is a "responsible person" as defined by CERCLA; (3) there was a release or threatened release of hazardous substances; and (4) such release caused the Plaintiff to incur response costs. *Envtl Transp. Sys., Inc. v. ENSCO, Inc.*, 969 F.2d 503, 506 (7th Cir. 1992) (citations omitted); *3550 Stevens Creek Assocs. v. Barclays Bank*, 915 F.2d 1355, 1358 (9th Cir.1990). SIPA has alleged all four elements of its CERCLA claim in Count II of its Complaint.

To establish a prima facie claim under the RCRA, a plaintiff must allege (1) that the defendant has generated solid or hazardous waste, (2) that the defendant is contributing to or has contributed to the handling of this waste, and (3) that this waste may present an imminent and substantial danger to health or the environment. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 972 (7th Cir. 2002) (citations omitted). SIPA has alleged all three elements of its RCRA claim in Count I of its Complaint. Although this Court remains skeptical that Congress intended the RCRA to apply to asbestos abandoned in buildings, it was error to go beyond the clear language of the statute itself based upon the allegations of the complaint.

Ericsson claimed that SIPA's common law causes of action (nuisance and negligence) are barred by a statute of limitations. This Court previously declined to exercise supplemental jurisdiction over these state law claims because it dismissed the federal claims. Because it was error to dismiss the federal law claims, the Court now reconsiders Ericsson's motion to dismiss as to the state law claims.

Rule 8(c) of the Rules of Federal Procedure lists statute of limitations as an affirmative defense. The earliest time to consider an affirmative defense is normally in a Rule 12(c) motion for judgment on the pleadings. *Mosely v. Bd. of Educ. of the City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). This court will not dismiss a complaint (or claims) in instances where such dismissal would be tantamount to forcing a plaintiff to plead allegations to deny an affirmative defense. While a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint, *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006), SIPA has not done that.

Ericsson also claims that it had no duty to abate the asbestos in the building under Illinois and federal law and so the state law claims fail. First, SIPA has alleged claims that encompass all elements of a private nuisance claim under Illinois law and is therefore legally sufficient for purposes of a Rule 12(b)(6) motion. Under Illinois law, a private nuisance is a substantial invasion of another's interest in the use and enjoyment of his or her land. *In re Chicago Flood Litigation*, 680 N.E.2d 265, 277 (Ill. 1997). The invasion must be substantial, either intentional or negligent, and unreasonable. *Id.* (citation omitted). SIPA has pleaded these elements.

Second, SIPA has pleaded enough to establish that Ericsson may be liable to it for negligence. Illinois law states that it is "fundamental that to state a claim for negligence, a plaintiff must establish that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the plaintiff was injured as a proximate result of such breach. *Milz v. M.J. Meadows Inc.*, 599 N.E.2d 1290, 1293 (Ill. App. Ct. 1992). Also, Illinois law instructs that determining "whether a duty exists is a question of law to be determined by the court, and depends on whether the parties stood in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff." *Gouge v. Central Illinois Public Service Co.,* 582 N.E.2d 108, 112 (Ill. 1991). If no duty exists, no recovery by a plaintiff is possible as a matter of law. *Rowe v. State Bank of Lombard,* 531 N.E.2d 1358, 1364 (Ill. 1988). Whether a duty to abate asbestos in a building exists or not under Illinois statutory law is irrelevant under this motion. SIPA has alleged that Ericsson owed it a duty of care, Complaint, ¶¶ 33-35; under federal law, nothing more is required to survive a 12(b)(6) motion to dismiss.

## CONCLUSION

For the reasons stated above, SIPA's Motion for Reconsideration is **GRANTED**. The Memorandum Opinion and Order and Minute Order (Documents 41 and 42) are stricken. Ericsson's Motion to Dismiss (Document 27) is **DENIED**. Civil case is reinstated.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **April 26, 2007**